IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>Charles Edward Wood, II and<br>Jennifer Lynn Hanna<br>Debtors | )<br>)<br>)<br>)<br>)<br>) | Bankruptcy case no.: 20-50037-mmp<br><br>Chapter No.: 13 |
| Charles Edward Wood, II<br>Plaintiff<br>v.<br><br>Newrez LLC dba Shellpoint Mortgage Servicing<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary case no.: 26−05012-mmp<br><br>Judge: Michael M Parker |

**JOINT MOTION FOR CONTINUANCE**

Plaintiff Charles Edward Wood, II (**Wood**) and defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) file this joint motion to continue scheduling order deadlines and respectfully show as follows:

**A. Procedural history.**

Wood filed his adversary complaint on March 23, 2026 [ECF 1], and Shellpoint filed an answer on June 18, 2026 [ECF 8].

The scheduling order entered June 24, 2026 [ECF 11] requires, among other things, filing a joint pre-trial order and proposed findings of fact and conclusions of law by October 26, 2026, and appearing for an in-person docket call on November 2, 2026 at 2:00 p.m. The parties have been diligent in pursuing discovery, with written discovery requests served and responded to; however, unforeseen issues delayed scheduling depositions. In addition, Shellpoint recently retained new counsel who appeared in the adversary on October 22, 2026.

**B. Good cause exists to modify the scheduling order.**

Rule 16 (applicable pursuant to Federal Rule of Bankruptcy Procedure 7016) authorizes courts to modify scheduling order deadlines upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Courts possess broad discretion in establishing and modifying scheduling orders. *Rosales v. Dep't of the Army*, Case No. 1:23-CV-00440-DAE, 2025 U.S. Dist. LEXIS 53624, at *5 (W.D. Tex. March 13, 2025) (citing *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020)). "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Id*. (citing *Squyres v. Heico Cos*., LLC, 782 F.3d 224, 237 (5th Cir. 2015)).

The parties have been diligent in completing written discovery; however, the existing scheduling order deadlines cannot reasonably be met based upon issues scheduling depositions. Shellpoint's counsel also needs additional time to get up to speed regarding the claims and issues the adversary involves in an efficient manner. In addition, the parties' counsel recently engaged in informal settlement discussions and anticipate exchanging firm offers that could potentially resolve the adversary within the coming days.

Extending the scheduling order deadlines and continuing the docket call by approximately ninety (90) days serves important case-management objectives. It avoids the need for piecemeal modifications, reduces the burden of repeated motion practice, and provides the parties with a coherent and workable schedule that permits full preparation on both sides. This approach is consistent with the Federal Rules of Bankruptcy Procedure's emphasis on the "just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001(a).

For the foregoing reasons, the parties respectfully request that this court extend the scheduling order deadlines as follows:

| **Deadline** | **Current Date** | **Extended Date** |
|---|---|---|
| Rule 26(a)(1) disclosures by parties asserting or resisting claims for relief served by | 7/8/2026 | unchanged |
| Filing amended or supplemental pleadings and joining additional parties by | 8/24/2026 | 11/23/2026 |
| Completing discovery on or before | 10/19/2026[1] | 1/18/2027 |
| Dispositive motions shall be filed an served by | 10/26/2026[2] | 1/25/2027 |
| Joint pre-trial order and proposed findings of fact and conclusions of law are due | 10/26/2026 | 1/25/2027 |
| Docket call at 2:00 PM on | 11/2/2026 | 2/1/2027 |

The parties certify that they have conferred in good faith regarding the need for the requested extension and have reached mutual agreement that the extensions requested above are appropriate, necessary, and in the interests of justice.

Date: October 26, 2026

Respectfully submitted,

*/s/ Amy Clark*
Amy Clark
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy Dr.
Katy, Texas 77494
Phone: (210) 294-9273
Filing Email: cpfiling@cimentlawfirm.com

*Counsel for Charles Edward Wood, II*

*/s/ C. Charles Townsend*
C. Charles Townsend, SBN: 24028053
ctownsend@hinshawlaw.com
Matthew W. Lindsey, SBN: 24071893
mlindsey@hinshawlaw.com
HINSHAW & CULBERTSON LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: (945) 229-6390
Facsimile: (312) 704-3001

*Counsel for Newrez LLC dba Shellpoint Mortgage Servicing*

[1] The parties previously filed a joint, agreed stipulation to extend the original September 22, 2026 discovery deadline to October 19, 2026. [ECF 15.]
[2] The parties previously filed a joint, agreed stipulation to extend the original October 2, 2026 dispositive motions deadline to October 26, 2026. [ECF 15.]