IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>Charles Edward Wood, II and<br>Jennifer Lynn Hanna<br>Debtors | )<br>)<br>)<br>)<br>)<br>) | Bankruptcy case no.: 20-50037-mmp<br><br>Chapter No.: 13 |
| Charles Edward Wood, II<br>Plaintiff<br>v.<br><br>Newrez LLC dba Shellpoint Mortgage<br>Servicing<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Adversary case no.: 26−05012-mmp<br><br>Judge: Michael M Parker |

**AGREED AMENDED SCHEDULING ORDER**

On this day came on for consideration the joint motion to continue scheduling order deadlines filed by plaintiff Charles Edward Wood, II (**Wood**) and defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) (collectively, the "parties"). Upon consideration of the parties' agreement, as evidenced by the signatures of their respective counsel, below, the court finds the scheduling order entered June 24, 2026 [ECF 11] should be amended as follows:

1. The parties shall file all amended or supplemental pleadings and shall join additional parties on or before **11/23/26**. *See* L. Rule 7015−1.

2. All parties asserting or resisting claims for relief shall serve on all other parties, but not file, the disclosures required by Federal Rule of Civil Procedure 26(a)(1) on or before **7/8/26**.

3. The parties shall complete discovery on or before **1/18/27**. Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances.

4. All dispositive motions shall be filed and served on all other parties on or before **1/25/27** and shall be limited to 20 pages. *See* L. Rule 7007−1(a) for the definition of dispositive motions and page limits. Responses shall be filed and served on all other parties not later than 21 days after service of the motion and shall be limited to 20 pages. *See* L. Rule 7007−1(b)(2). Any replies shall be filed and served on all other parties not later than 7 days after service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion. *See* L. Rule 7007−1(c).

5. Motions other than Rule 12 or 56 are governed by L. Rules 7007−1, 9013−1, and 9014−1 where applicable.

6. Docket call for trial is set for **2/1/27**
at **02:00 PM** at **San Antonio Courtroom 1, Hipolito F. Garcia Fed Bldg & Courthouse, 615 E. Houston St., San Antonio, TX 78205**.

Parties will be required to discuss at docket call any objections to the use of deposition testimony and stipulations regarding the use of experts for trial.

7. A joint pre−trial order and proposed findings of fact and conclusions of law are due **1/25/27**. *See* L. Rule 7016−1(c) and (d).

8. Exhibits and a witness list are to be exchanged not less than five days before trial. *See* L. Rule 7016−1(g).

In addition, counsel are encouraged to present and provide electronic versions of exhibits where practicable. Use and presentation of electronic exhibits should be coordinated through the courtroom deputy.

9. Counsel are reminded that, with regard to any paper that is filed, compliance with Fed. R. Civ. P. 5.2 is mandatory. As such, counsel should ensure that appropriate redactions are made.

10. This Scheduling Order does not specifically address the discovery of electronically stored information (ESI). To the extent the parties believe that ESI is subject to discovery, the parties are directed to reach an agreement on production of ESI. Any party may bring any dispute regarding the discovery of ESI, but it must be brought to the Court's attention by motion 30 days after Rule 26(a)(1) disclosures are made.

11. Counsel residing outside the State of Texas may designate local counsel in writing, giving the street address, telephone number and mailing address. The designation shall be filed with the Clerk of the Court in this proceeding, and a copy shall be sent to all other counsel of record in this proceeding. This provision may be waived by the Court upon motion of counsel and service upon other parties.

12. **All discovery must be commenced and completed by the discovery deadline provided in this Order**.

a. Designation of experts shall be an issue at any pretrial conference.
b. Counsel are encouraged to resolve discovery disputes by agreement. Motions to compel, motions for protective orders and similar motions, while not prohibited, may result in sanctions being imposed on the losing party or both parties as provided in Fed. R. Bankr. P. 7037 & 9011 or 28 U.S.C. section 1927, if a hearing is required thereon.
c. If applicable, parties may file dispositive motions under Fed. R. Bankr. P. 7012 & 7056 and Fed. R. Civ. P. 12(b) & 56. Such motions, if filed, must be filed by the deadline for dispositive motions in this Order. Responses to motions under FRBP 12 and 56 must be filed within 21 days after the Motion is filed. **All other motions in this adversary proceeding, unless unopposed, require the filing of a written response within 14 days, or the motion may be granted without a hearing**.
d. All discovery shall be commenced at a time which allows for the full response time provided by applicable rules on or before the discovery deadline.
   E.g., if the discovery deadline is July 15, interrogatories must be actually delivered on or before June 15 in order to allow thirty days for answers. If the interrogatories are mailed, then they must be mailed on or before June 12, pursuant to Fed. R. Bankr. P. 9006(f), to allow three additional days for service by mail
e. The Court may, upon motion and for cause shown, extend, reduce, or otherwise modify the deadlines set out in the Scheduling Order. Mere agreement of the parties to such extensions or modifications is not of itself sufficient cause.

13. Counsel and unrepresented parties must confer prior to the date the Pre−Trial Order is required to be filed, to fully explore the possibility of settlement, to stipulate to matters not in dispute and to simplify the issues. The Pre−Trial Order shall contain a certificate to the effect that the conference of counsel has been held. Counsel must also confer in an effort to determine whether the original time estimate for trial is correct or should be revised. If the parties wish to have a pre−trial conference with the Court, a pre−trial conference should be requested as early as possible, but at least 60 days prior to the trial.

14. **Docket call is set on the docket call date provided in the scheduling order. The only matters to be considered by the Court at docket call are as follows:**

a. Date, time and place of trial following docket call.
b. Properly and timely−filed motions for continuance or for default judgment.
c. Motions not previously ruled on under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.
d. Settlement announcements.

**Failure to attend docket call may result in dismissal or rendition of final judgment. You may, however, authorize any member of the Bar of this Court, including opposing counsel, to make an appearance on your behalf at docket call, if there are no contested motions for continuance, motions for default judgment or motions under Fed. R. Civ. P. 12 and Fed. R. Bankr. P. 7012.**

Dated: ____________, 2026

___________________________________
JUDGE PRESIDING

**AGREED**:

*/s/ Amy Clark*
Amy Clark
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy Dr.
Katy, Texas 77494
Phone: (210) 294-9273
Filing Email: cpfiling@cimentlawfirm.com

*Counsel for Charles Edward Wood, II*

*/s/ C. Charles Townsend*
C. Charles Townsend, SBN: 24028053
ctownsend@hinshawlaw.com
Matthew W. Lindsey, SBN: 24071893
mlindsey@hinshawlaw.com
HINSHAW & CULBERTSON LLP
1717 Main Street, Suite 3625
Dallas, Texas 75201
Telephone: (945) 229-6390
Facsimile: (312) 704-3001

*Counsel for Newrez LLC dba Shellpoint Mortgage Servicing*